DISTRICT OF OREGON
**F I L E D**
July 17, 2023
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**2377 NW Kearney LLC**,<br><br>Debtor. | Case No. 22-31209-dwh11<br><br>MEMORANDUM DECISION DENYING MOTION FOR SANCTIONS AGAINST U.S. BANK[1] |

## I. Introduction

Debtor, 2377 NW Kearney LLC (Kearney), has objected[2] to the claim of U.S. Bank National Association as trustee of Taenite Asset Trust.[3] Invoking Federal Rule of Civil Procedure 37(d), Kearney asks that the bank be sanctioned for not responding properly to interrogatories and document

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.
[2] ECF No. 45.
[3] Claim 1-2.

Page 1 of 7 – MEMORANDUM DECISION DENYING MOTION FOR etc.

requests.[4] Kearney asks to strike the bank's response to the claim objection and sustain the objection.[5]

Sanctions are available under Rule 37(d) only when the party served with interrogatories or document requests (whom I'll call the requestee) fails to serve answers, objections, or a written response. Because the bank did serve written responses, I will deny the motion.

## II. Sanctions are unavailable to Kearney because the bank did serve responses.

Among the several provisions of Rule 37 authorizing sanctions, Kearney invokes only Rule 37(d). I use "sanction" in this decision to refer just to Rule 37(d) sanctions.

Under Rule 37(a)(3)(B)(iii) and (iv), a party who has served interrogatories or a document request may move to compel answers and production. The prevailing party can recover costs, including attorney fees, unless the motion or opposition was substantially justified or other circumstances make an expense award unjust.[6] If the court grants the motion but the requestee doesn't comply with the order, Rule 37(b) permits sanctions for failure to comply with the order.

Under Rule 37(d)(1)(A)(ii), the court may impose sanctions if the requestee "fails to serve its answers, objections, or written response." Read together, Rule 37 subsections (a) and (d) have this meaning: if the requestee

---

[4] ECF No. 80.
[5] ECF No. 80 at 6.
[6] Fed. R. Civ. P. 37(a)(5).

does serve a written response, the remedy for an inadequate or incomplete response is a motion to compel, not sanctions. The scheme of the rule is to treat the complete failure to serve a written response more severely than the failure, in a served response, to properly answer an interrogatory or produce requested documents. Only the more serious act—the failure to respond at all—warrants sanctions.

That conclusion is supported by Rule 37(a)(4). Under that rule, "an evasive or incomplete . . . answer, or response must be treated as a failure to . . . answer, or respond"—but "[f]or purposes of this subdivision (a)." That condition on the rule's application means that it doesn't apply to Rule 37(d). To determine under Rule 37(d) whether a requestee has served a written response, insulating it from sanctions, the court should not ignore a written response, even if it is evasive or incomplete.

In the Ninth Circuit's 1995 decision in *Fjelstad v. American Honda Motor Co.*,[7] the court held that the district court lacked authority to impose sanctions against a party who served answers and objections to each interrogatory, even though the "answers were incomplete, evasive and in some cases false." The court of appeals observed that the district court had not found that the objections were meritless, imposed in bad faith, or invalid, citing the Ninth Circuit's 1983 decision in *Rainbow Pioneer No. 44-18-04A v.*

---

[7] 762 F.2d 1334, 1339–40 (9th Cir. 1995).

*Hawaii-Nevada Inv. Corp.*[8] In *Rainbow*, a partial-default-judgment sanction was imposed not under Rule 37(d), but under Rule 37(b)(2)(C) for violating an order compelling discovery. Because *Fjelstad* did not involve violation of a discovery order, its reference to *Rainbow* is anomalous. In any case, *Fjelstad* concluded that, because the requestee "did not fai[l] . . . to serve answers or objections to interrogatories, Fed.R.Civ.P. 37(d), . . . Rule 37(d) . . . did not give the district court authority to impose sanctions."

Here, Kearney says in its own motion that the bank served written responses to each interrogatory and document request. Still, Kearney argues that the interrogatory answers are not "responsive" and that the bank "has refused to produce . . . almost nothing [*sic*; anything] in the way of documents and certainly no primary documents under the RFPs."[9] For those reasons, Kearney argues that the answers and objections should be ignored, allowing sanctions.

Kearney points to *Drueding v. Travelers Home and Marine Insurance Company*,[10] a 2022 decision of a Western District of Washington district judge. The judge held that service of interrogatory answers that were "inaccurate and incomplete . . . is sufficient to trigger Rule 37(d)(3) sanctions." The judge relied on a 2012 decision of another district judge of

---

[8] 711 F.2d 902, 905–06 (9th Cir. 1983)
[9] ECF No. 80 at 5.
[10] No. 22-CV-00155-LK, 2022 WL 17092736, at *9 (W.D. Wash. Nov. 21, 2022).

that court in *Putz v. Golden*.[11] The judge in *Putz* imposed sanctions for a party's failure both to produce requested documents until the second day of trial and to provide accurate information in response to an interrogatory.[12] *Putz* did not state whether the requestee had served a written response. The reference to the requestee's failure to provide accurate information in response to an interrogatory suggests that the requestee did serve a response to the interrogatory. *Putz* does not address Rule 37(d)(3)(A)(1)(ii), which authorizes sanctions when the requestee "fails" to respond.

Neither *Drueding* nor *Putz* acknowledged the Ninth Circuit's *Fjelstad* decision. And I agree with *Harrington v. Tackett*,[13] a 2019 decision of a Nevada district judge holding that, under *Fjelstad*, Rule 37(d) "applies when a party fails altogether to serve a response."

The interest in efficient resolution of discovery disputes is advanced by the bright-line rule that Rule 37(d) sanctions are unavailable where—as here—the requestee serves a response purporting to include an answer or objection to each interrogatory or document request advances. The rule avoids the need for the parties to argue about and the court to determine not just whether the answers and objections are incomplete or unsupported by law, but also the harder question whether the answers and objections are so incomplete or unsupported that they should be treated as not having been

---

[11] No. C10-0741-JLR, 2012 WL 13019220, at * 4 (W.D. Wash. May 22, 2012).
[12] *Putz*, 2012 WL 13019220, at *5.
[13] No. 3:18-cv-00028-WGC, 2019 WL 11254782, at *3 (D. Nev. July 8, 2019).

made at all. By contrast, a motion to compel discovery is available when discovery answers or objections are incomplete or unsupported, and that type of motion can usually be resolved promptly.

### III. Rule 37(a) does not apply to the motion.

At the hearing, I asked whether I should treat the motion as one under Rule 37(a) to compel the bank to respond.

I have determined not to do so. The types of Rule 37(d) sanctions, listed in Rule 37(d)(3), do not include an order compelling discovery, the relief available under Rule 37(a). An order compelling discovery is not a subset of the relief available for a requestee's failure to respond to an interrogatory or document request. If I were to treat the motion as one under Rule 37(a) and grant it, I would be granting relief the motion does not request.

Also, the treatment of successful motion opponents differs between subdivisions (a) and (b) of Rule 37. Under Rule 37(a)(5)(B), a party successfully opposing a Rule 37(a) motion can recover expenses, including attorney fees. But no similar provision appears in Rule 37(d)(3), which permits an award of expenses, including attorney fees, against a losing requestee or the requestee's lawyer. That rule says nothing about awarding expenses against the movant. If I were to treat the motion as one under Rule 37(a) and rule against Kearney, the bank could ask for its expenses, even though the text of Rule 37(d) does not authorize an expense award.

### IV. Conclusion

I will deny the motion by text-only order.

I understand that both parties have agreed to a continued evidentiary hearing on confirmation of Kearney's plan[14] for September 18, 2023, at 9 a.m. I will set the claim objection and related stay-relief motion[15] for evidentiary hearing at the same time and subject to the same procedures, including the same deadline (seven days before the hearing) to file exhibits, exhibit and witness lists, and any briefs. If either party objects to setting those additional matters that way, the party may request a scheduling hearing.

###

---

[14] ECF No. 102.
[15] ECF No. 56.